60.4079

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| PEPSI MIDAMERICA CO., and | ) |
| CHARLES HALL, on behalf of himself and other | ) |
| similarly situated individuals | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, WESTFIELD INSURANCE COMPANY (hereinafter "Westfield"), by and through its attorney, Peter G. Syregelas of LINDSAY, PICKETT & POSTEL, LLC, and for its Complaint for Declaratory Judgment against the Defendants, PEPSI MIDAMERICA CO. ("Pepsi MidAmerica) and CHARLES HALL, on behalf of himself and other similarly situated individuals ("Hall"), alleges as follows:

### INTRODUCTION

1.    In this declaratory judgment action, Westfield seeks a declaration that it owes no duty to defend or indemnify Pepsi MidAmerica under two sequential policies of insurance issued to it, with respect to a class action lawsuit filed by Hall, alleging that his employer, Pepsi MidAmerica, violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 ("BIPA") by unlawfully collecting his and other employees' biometric data, specifically a scan of their hands.

### THE PARTIES

2.    Westfield is an Ohio corporation, which maintains its principal place of business in Westfield Center, Ohio. Westfield is a citizen of Ohio.

3.    Pepsi MidAmerica is a Missouri corporation with its principal place of business in

Williamson County, Illinois. Pepsi MidAmerica is a citizen of both Missouri and Illinois.

4. Hall is a citizen of Illinois. Hall is named herein only in that he may be deemed a necessary party with an interest in the subject matter of this action. Westfield seeks no relief from Hall, other than to the extent, if any, that he is interested in the subject matter of this action, that he be bound by the judgment sought herein. If Hall will sign a stipulation to that effect, then Westfield will voluntarily dismiss him as a defendant.

## JURISDICTION AND VENUE

5. No defendant is a citizen of the plaintiff's state of citizenship, Ohio, so diversity of citizenship exists.

6. The amount in controversy exceeds $75,000 exclusive of interest and costs. Although this complaint seeks no monetary damages—rather, it seeks only declaratory relief—the effect of granting that relief would be to void coverage for a loss exceeding $75,000 in value.

7. This Court therefore has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a).

8. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred within the Southern District of Illinois.

9. An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

## THE UNDERLYING COMPLAINT

10. The underlying complaint was filed on or about February 2, 2018 (A complete copy of the underlying complaint is attached hereto as **Exhibit A**).

11. Hall alleges that he worked for Pepsi MidAmerica in Williamson County, Illinois. Ex. A at ¶ 1.

12. The underlying complaint alleges that Pepsi MidAmerica requires employees to have their hands scanned by a biometric timekeeping device. Ex. A at ¶ 2.

13. Pepsi MidAmerica allegedly collected Hall's handprint data in its databases, without providing Hall a written release allowing Pepsi MidAmerica to collect or store his data and Pepsi MidAmerican has not made the required disclosures concerning the collection, storage, use, or destruction of the biometric date. Ex A. at ¶ 11.

14. Hall alleges that Pepsi MidAmerica has violated BIPA, 740 ILCS 14/1, by unlawfully and improperly disclosing his and the proposed class members' biometric data to out-of-state third-party vendors. Ex. A at ¶ 12.

15. The underlying complaint sets forth two counts for violation of BIPA against Pepsi MidAmerica.

16. Count I of the underlying complaint seeks statutory damages of $1,000 for each violation of BIPA, attorneys' fees and costs as provided for by BIPA, and pre- and post-judgment interest. Ex. A at ¶¶ 100-112.

17. Count II seeks injunctive relief compelling Pepsi MidAmerica to comply with the terms of the BIPA. Ex. A at ¶¶ 113-125.

### TENDER OF DEFENSE

18. Pepsi MidAmerica provided notice of the complaint on April 15, 2020, and Westfield refused to accept the tender of defense for the reasons herein stated. (A copy of the tender is attached hereto as **Exhibit D**).

### THE WESTFIELD POLICIES

19. Westfield issued a Commercial Insurance Coverage Policy, policy number CMM 1589263, containing general liability and umbrella coverage to Pepsi MidAmerica Co. as the

named insured, effective on an occurrence basis for a policy period of July 1, 2014 to July 1, 2015, The policy was renewed once, with an inception date of July 1, 2015 ("the Westfield policies"). The policies' Commercial General Liability Coverage Part provides for liability limits of $1 million per occurrence, $1 million in Personal and Advertising Injury limits and $2 million in the aggregate. The policies also contain umbrella coverage with liability limits of $10 million, $10 million in Personal and Advertising Injury limits and $10 million in the aggregate. The policies contain a $1,000 deductible. Copies of the Westfield policies are attached as **Exhibits B and C.**

### Commercial General Liability Coverage Form and Endorsements

20.     Both policies contain the same Commercial General Liability Coverage Form, CG 00 01 04 13. The Westfield policies are intended to be interpreted as wholes, but for the convenience of the Court and counsel, Westfield sets forth certain pertinent provisions from the policies' Personal and Advertising Injury coverage part of the Commercial General Liability Coverage Form, as follows:

**SECTION I – COVERAGES**

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion investigate any offense and settle any claim or "suit" that may result.\*\*\*

    \* \* \* \* \*

2. **Exclusion**

    This insurance does not apply to:

    **a.**    **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

* * * * *

    **p.**    **Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

    **(1)**    The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
    **(2)**    The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
    **(3)**    The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or
    **(4)**    Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

* * * * *

**SECTION V – DEFINITIONS**

* * * * *

**14.**    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.**    False arrest, detention or imprisonment;
    **b.**    Malicious prosecution;
    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or

5

         premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.**   Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.**   Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.**   The use of another's advertising idea in your "advertisement"; or

**g.**   Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * * * *

21.   Both policies contain the same Employment – Related Practices Exclusion, Form CG 21 47 12 07, which alters the Commercial General Liability Coverage part of the policies and states in relevant part:

<b>EMPLOYMENT-RELATED PRACTICES EXCLUSION</b>

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

* * * * *

**B.**   The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

This insurance does not apply to:

"Personal and advertising injury" to:

**(1)**   A person arising out of any:

    **(a)**   Refusal to employ that person;
    **(b)**   Termination of that person's employment; or
    **(c)**   Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**(2)**   The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at

6

whom any of the employment-related practices described in Paragraphs (a), (b) or (c) above is directed.

This exclusion applies:

**(1)** Whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before employment, during employment or after employment of that person;

**(2)** Whether the insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

22. The latter policy (2015/2016) contains the EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION, Form CG 21 06 05 14. The endorsement modifies the Commercial General Liability Coverage part and provides in relevant part as follows:

**EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

"Personal and Advertising Injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods,

7

> customer lists, financial information, credit card information, health information or any other type of nonpublic information.
>
> This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

### Commercial Liability Umbrella Coverage Form and Endorsements

23. Both policies contain the same Commercial Liability Umbrella Coverage Form, CU 00 01 04 13. The Westfield policies are intended to be interpreted as wholes, but for the convenience of the Court and counsel, Westfield sets forth certain pertinent provisions from the Umbrella Coverage Form's Personal and Advertising Injury coverage part, as follows:

**SECTION I – COVERAGES**

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. At our discretion, we may investigate any offense that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend.\*\*\*

   \* \* \* \* \*

2. **Exclusions**

   This insurance does not apply to:

    **a.**    "Personal and advertising injury":

        **(1)**    **Knowing Violation Of Rights Of Another**

Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

\* \* \* \* \*

        **(14)**    **Employment-related Practices**

To:

    **(a)**    A person arising out of any:

\* \* \* \* \*

    **(iii)**    Employment-related practices, policies, acts or omissions.

\*\*\*

This exclusion applies whether the injury-causing event described \*\*\* above occurs before employment, during employment or after employment of that person.

\* \* \* \* \*

        **(17)**    **Recording And Distribution Of Material Or Information In Violation Of Law**

Arising directly or indirectly out of any action or omission that violates or is alleged to violate:

    **(1)**    The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
    **(2)**    The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
    **(3)**    The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or
    **(4)**    Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions,

        that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

* * * * *

### SECTION V – DEFINITIONS

* * * * *

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

- **a.** False arrest, detention or imprisonment;
- **b.** Malicious prosecution;
- **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
- **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
- **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
- **f.** The use of another's advertising idea in your "advertisement"; or
- **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * * * *

24. The latter policy (2015/2016) contains the EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION, Form CU 21 86 05 14. The endorsement modifies the Commercial Liability Umbrella Coverage part and provides in relevant part as follows:

<b>EXCLUSION – ACCESS OR DISCLOSURE OF<br>CONFIDENTIAL OR PERSONAL INFORMATION AND<br>DATA-RELATED LIABILITY – WITH LIMITED</b>

## BODILY INJURY EXCEPTION

This endorsement modifies insurance provided under the following:

COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

* * * * *

B.  The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

   **2.   Exclusions**

   This insurance does not apply to:

   **Access Or Disclosure Of Confidential Or Personal Information**

   "Personal and Advertising Injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

   This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

<u>NOTICE PROVISIONS</u>

25.  The CGL coverage part obligates the insured to comply with certain conditions as follows:

   SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

* * *

   2.   Duties In The Event Of Occurrence, Offense, Claim Or Suit

       a.   You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

    (1) How, when and where the "occurrence" or offense took place;

    (2) The names and addresses of any injured persons and witnesses; and

    (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

  b. If a claim is made or "suit" is brought against any insured, you must:

    (1) Immediately record the specifics of the claim or "suit" and the date received; and

    (2) Notify us as soon as practicable.

  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  c. You and any other involved insured must:

    (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit[.]"

26. The Umbrella coverage part similarly obligates the insured to comply with the following:

  3. Duties In The Event Of Occurrence, Offense, Claim Or Suit

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense, regardless of the amount, which may result in a claim. To the extent possible, notice should include:

    (1) How, when and where the "occurrence" or offense took place;

    (2) The names and addresses of any injured persons and witnesses; and

    (2) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

        (1)       Immediately record the specifics of the claim or "suit" and the date received; and

        (2)       Notify us as soon as practicable.

        You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c.       You and any other involved insured must:

        (1)       Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"[.]

**COUNT I**
**NO DUTY TO DEFEND OR INDEMNIFY PEPSI MIDAMERICA UNDER CGL COVERAGE PART**

27.    Westfield incorporates by reference paragraphs 1 through 26 above, as if set forth fully herein.

28.    Westfield has no duty to defend or indemnify Pepsi MidAmerica under the Westfield policies, for one or more of the following reasons, pleading hypothetically or in the alternative:

    a.    The underlying complaint does not allege any "personal and advertising injury" in that none of the "offenses" meeting that definition are alleged in the underlying complaint.

    b.    To the extent that the underlying complaint alleges "personal and advertising injury," such injury would have been caused by or at the direction of Pepsi MidAmerica with the knowledge that the act would violate the rights of another and would inflict such injury, and is thus excluded by the knowing violation exclusion **2.a.**

    c.    To the extent that the underlying complaint alleges "personal and advertising injury," such injury arose directly or indirectly out of an action or omission that violates or is alleged to violate a state statute that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information, and is thus excluded by the Recording and Distribution of Material or Information in Violation of Law exclusion **2.p.**

13

    d. To the extent that the underlying complaint alleges "personal and advertising injury," such injury arose out of an employment-related practice and is thus excluded by the Employment-Related Practices Exclusion endorsement.

    e. To the extent that the underlying complaint alleges "personal and advertising injury," such injury arose out of access to or disclosure of confidential or personal information and is thus excluded by the Access or Disclosure of Confidential or Personal Information endorsement.

    f. Pepsi MidAmerica failed to provide timely notice to Westfield of the underlying suit, as required by the Westfield policy, which is a condition precedent to coverage.

29. There may be other bases upon which Westfield can properly deny coverage and Westfield reserves the right to plead them in the future.

WHEREFORE, the Plaintiff, WESTFIELD INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify PEPSI MIDAMERICA CO. under its CGL coverage part, against the allegations of the underlying lawsuit filed by CHARLES HALL, on behalf of himself and other similarly situated individuals, in the First Judicial Circuit Court of Illinois, Williamson County, Cause No. 2018 L 20, and for such other and further relief as this Court deems fair and just under circumstances.

### COUNT II
#### NO DUTY TO DEFEND OR INDEMNIFY PEPSI MIDAMERICA UNDER UMBRELLA COVERAGE

30. Westfield incorporates by reference paragraphs 1 through 29 above, as if set forth fully herein.

31. Westfield has no duty to defend or indemnify the Pepsi MidAmerica under the Westfield policies, for one or more of the following reasons, pleading hypothetically or in the alternative:

    a. The underlying complaint does not allege any "personal and advertising injury" in that none of the "offenses" meeting that definition are alleged in the underlying complaint.

    b. To the extent that the underlying complaint alleges "personal and advertising injury," such injury would have been caused by or at the direction of Pepsi MidAmerica with the knowledge that the act would violate the rights of another and would inflict such injury, and is thus excluded by the knowing violation exclusion **2a(1)** of the Umbrella Coverage Form.

    c. To the extent that the underlying complaint alleges "personal and advertising injury," such injury arose out of an employment-related practice and is thus excluded exclusion **2a(14)** of the Umbrella Coverage Form.

    d. To the extent that the underlying complaint alleges "personal and advertising injury," such injury arose directly or indirectly out of an action or omission that violates or is alleged to violate a state statute that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information, and is thus excluded by the Recording and Distribution of Material or Information in Violation of Law exclusion **2a(17)** of the Umbrella Coverage Form.

    e. To the extent that the underlying complaint alleges "personal and advertising injury," such injury arose out of access to or disclosure of confidential or personal information and is thus excluded by the Access or Disclosure of Confidential or Personal Information endorsement, which modifies the Umbrella Coverage Form.

    f. Pepsi MidAmerica failed to provide timely notice to Westfield of the underlying suit, as required by the Westfield policy, which is a condition precedent to coverage.

32. There may be other bases upon which Westfield can properly deny coverage and Westfield reserves the right to plead them in the future.

WHEREFORE, the Plaintiff, WESTFIELD INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify PEPSI MIDAMERICA CO. under its Umbrella coverage part, against the allegations of the underlying lawsuit filed by CHARLES HALL, on behalf of himself and other similarly situated individuals, in the First Judicial Circuit Court of Illinois, Williamson County, Cause No. 2018 L 20, and for such other and further relief as this Court deems fair and just under

15

circumstances.

                                          Respectfully submitted,

                                          LINDSAY, PICKETT & POSTEL, LLC

                                          By: */s/ Peter G. Syregelas*
                                          One of the Attorneys for Plaintiff,
                                          Westfield Insurance Company

Peter G. Syregelas
Direct Phone: 312-970-5661
psyregelas@lpplawfirm.com
LINDSAY, PICKETT & POSTEL, LLC
10 S. LaSalle St., Suite 1301
Chicago, Illinois 60603
Fax: (312) 629-1404
Firm No. 62461
*Attorneys for Plaintiff Westfield Insurance Company*